**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:22-cv-22483-GAYLES/TORRES**

EXPRESS FREIGHT INTERNATIONAL et al.,

    Plaintiffs,

v.

HINO MOTORS LTD., et al.,

    Defendants.

_____/

**UNOPPOSED MOTION BY DEFENDANTS HINO MOTORS MANUFACTURING U.S.A., INC. AND HINO MOTORS SALES U.S.A., INC. FOR LEAVE TO FILE MOTION TO STAY DISCOVERY AND SUPPORTING DECLARATION UNDER SEAL**

Defendants Hino Motors Manufacturing U.S.A., Inc. and Hino Motors Sales U.S.A., Inc. (collectively, "Defendants"), pursuant to Local Rule 5.4(b), move for leave to file under seal (1) an unredacted copy of their Motion to Stay Discovery, and (2) the Declaration of Andrew Soukup in Support of Defendants' Motion to Stay Discovery. Neither Plaintiffs nor Defendants Hino Motors, Ltd. or Toyota Motor Corporation oppose the relief sought in this motion. In support, Defendants state as follows:

1. On November 21, 2022, Plaintiffs served their first set of document requests in this case. The requests seek, among other things, all documents Defendants have produced, or will produce, to the government in connection with an ongoing government investigation into Defendants' engines certified to comply with U.S. emissions standards.

2. Defendants are cooperating with the ongoing investigation, the scope, nature, and status of which are confidential.

3. On December 15, 2022, Defendants filed a Motion to Stay Discovery. The Motion requests that the Court briefly stay discovery against Defendants until the Court rules on Defendants' Motion to Dismiss (Dkt. 68).

4. In support of their Motion to Stay Discovery, Defendants attached Exhibit 2, a declaration from Andrew Soukup, a partner with the law firm of Covington & Burling LLP, which represents Defendants in this case.

5. The unredacted Motion to Stay Discovery and the supporting declaration reveal confidential details concerning the scope and nature of the government's ongoing investigation.

6. Defendants therefore request leave to file under seal the unredacted Motion to Stay Discovery and the supporting declaration. Defendants further request that the unredacted Motion to Stay Discovery and the supporting declaration remain sealed until such time as the investigation is resolved and disclosure is authorized by the relevant agencies.

## MEMORANDUM OF LAW

A showing of "good cause" is sufficient to seal a filing. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). Whether good cause exists is "decided by the nature and character of the information in question." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001). In deciding whether to seal a filing, courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. In various contexts, courts have recognized that prejudice to an ongoing government investigation is a sufficient reason to shield filings from public view.

*See United States v. Valenti*, 987 F.2d 708, 714–15 (11th Cir. 1993); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *Brunson v. Lambert Firm PLC*, 757 F. App'x 563, 566 (9th Cir. 2018); *United States ex rel. Denomme v. Powell*, 2001 WL 37124485, at *2 (S.D. Ala. Oct. 31, 2001); *Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 294–95 (E.D. Mich. 2010); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191–92 (E.D. Mo. 1995).

This Court should do the same here. The redacted portions of the Motion to Stay Discovery and the entire supporting declaration provide details about an ongoing confidential government investigation. Public disclosure of either document may impact the government's ability to conduct its investigation, as both documents reveal substantive details about the scope of the investigation. *See Denomme*, 2001 WL 37124485, at *2 (sealing briefs because they revealed the government's "strategy and thought processes" concerning its investigation). Redacting sensitive information in the Motion to Stay Discovery is viable, but details about the investigation appear throughout the entire declaration. For these reasons, good cause exists to permit Defendants to file under seal the unredacted Motion to Stay Discovery and the supporting declaration.

**WHEREFORE**, Defendants respectfully request that the Court grant Defendants leave to file the unredacted Motion to Stay Discovery and the Soukup Declaration under seal.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for Defendants has conferred with counsel for Plaintiffs, Hino Motors, Ltd., and Toyota Motor Corporation in a good-faith effort to resolve by agreement the issues set forth in this motion. No party opposes the relief requested by this motion.

DATED: December 15, 2022    Respectfully submitted,

    /s/ Jordan S. Cohen
Jordan S. Cohen, Florida Bar No. 551872
Ethan A. Arthur, Florida Bar No. 119054
WICKER SMITH O'HARA MCCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353

Andrew Soukup (*pro hac vice*)
Henry Liu (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
Jessica Merry Samuels (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-5066
Facsimile: (202) 778-5066
Email: asoukup@cov.com
       hliu@cov.com
       spetkis@cov.com
       jsamuels@cov.com

*Attorneys for Defendants*
*Hino Motors Manufacturing U.S.A., Inc.*
*and Hino Motors Sales U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2022, a true and correct copy of the foregoing was furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filling to all counsel of record.

    /s/ Jordan S. Cohen
Jordan S. Cohen