UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:-22-CV-22483-GAYLES/TORRES

**EXPRESS FREIGHT INTERNATIONAL,**
**et al.**,

    Plaintiffs,

v.

**HINO MOTORS, LTD, et al.**,

    Defendants.

_____/

### SCHEDULING ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **Tuesday, January 21, 2025**. The **Telephonic Calendar Call** will be held at **9:30 a.m. on Wednesday, January 15, 2025**. A **Telephonic Status Conference** will be held at **10:00 a.m. on Wednesday, January 10, 2024**. The parties shall adhere to the following schedule:

| # | Event | Date |
|---|---|---|
| 1. | Joinder of any additional parties and filing of motions to amend the complaint by | **3/31/2023** |
| 2. | Written lists containing the names and addresses of all witnesses intended to be called at trial by | **12/20/2024** |
| 3. | Plaintiff shall disclose merits experts, merits expert witness summaries, and merit expert reports relating to all merits, non-class certification issues as required by Fed. R. Civ. P. 26(a)(2) by | **5/3/2024** |
| 4. | Defendant shall disclose merits experts, merits expert witness summaries, and merit expert reports relating to all merits, non-class certification issues as required by Fed. R. Civ. P. 26(a)(2) by | **7/3/2024** |
| 5. | Plaintiff shall disclose rebuttal expert witness summaries and reports relating to non-class certification issues by | **8/2/2024** |

| | | |
|---|---|---|
| 6. | Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by | **6/2/2023** |
| 7. | Fact discovery shall be completed by | **12/22/2023** |
| 8. | Plaintiffs shall file a motion for class certification and shall disclose all class certification experts, all class certification witness summaries, and all class certification reports they intend to rely on in support of their motion for class certification by | **1/12/2024** |
| 9. | Defendants shall file their brief in opposition to Plaintiffs' motion for class certification and disclose all class certification experts, all class certification expert witness summaries, and all class certification reports they intend to rely on in opposition to class certification by | **3/27/2024** |
| 10. | Plaintiffs shall file a reply brief in support of their motion for class certification and shall disclose rebuttal experts, expert witness summaries, and reports in support of class certification reply brief by | **4/26/2024** |
| 11. | Expert discovery begins by | **1/12/2024** |
| 12. | Expert discovery shall be completed by | **8/16/2024** |
| 13. | Dispositive motions, including motions for summary judgment, and *Daubert* motions,[1] shall be filed by | **8/30/2024** |
| 14. | Oppositions to dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by | **10/14/2024** |
| 15. | Replies in support of dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by | **11/13/2024** |
| 16. | Mediation shall be completed by | **12/15/2023** |
| 17. | All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **12/13/2024** |
| 18. | Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law[2] shall be filed by | **12/20/2024** |

---

[1] In cases proceeding at a bench trial, the parties shall not file *Daubert* motions. The Court will decide those issues at trial.
[2] The parties only shall file findings of fact and conclusions of law for bench trials.

**Motions.** Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Each party shall be limited to filing one (1) motion in limine. Unless otherwise specified by the Court, every motion shall be double spaced in 12-point Times New Roman typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position**.

**Referral to Magistrate Judge.** Pursuant to 28 U.S.C. § 636, all discovery matters are referred to **Chief Magistrate Judge Edwin G. Torres to take all appropriate action. Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Chief Judge Torres.**

**Status Conferences and Calendar Call.** The parties shall attend any status conference held in this matter and the calendar call by telephone. Counsel shall enter their appearances telephonically using the following dial-in information: **Dial-in Number 888-273-3658**; **Access Code 7032614**; **Security Code 5170**. Please dial in at least ten minutes before the status conference begins and wait until your case is called.

**Mediation.** The parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **seven (7) days** of mediation, the parties are required to file a mediation report with the Court.

**Discovery.** The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. The Court must approve all stipulations that would interfere with the schedule

deadlines. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes.** **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Chief Magistrate Judge requests it after a discovery hearing.**

**Deposition Designations.** **Parties seeking to use deposition testimony at trial shall provide the Court will a full deposition transcript. The designations shall be color coded, with each party highlighting the deposition testimony it intends to use in a specific color. Objections to designations shall be included in the margins of the transcript.**

**Electronic Submission of Exhibits.** Pursuant to Local Rule 5.3(b)(2) regarding electronic submission of exhibits, counsel must file in the CM/ECF system electronic versions of documentary exhibits <u>within ten (10) days of the conclusion of the hearing or trial</u> in which they were introduced.[3] At the time of filing the electronic exhibits, an attorney for each party shall also complete and file the attached **Certification of Compliance re Admitted Evidence**. Electronically filed exhibits are subject to CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials. Failure to file the electronic exhibits and Certification of Compliance by the date enumerated above may result in the imposition of sanctions. Any original exhibits that have been returned to, or retained by, the filing party

---

[3] This requirement excludes contraband and audio/video recordings. The filing party will file with the Clerk a CD, DVD, or other electronic medium containing a copy of any exhibit that is an audio or video recording.

after electronic filing shall be kept for safe keeping until the conclusion of any appeals. Upon order of the Court, the filing party must return the original exhibits to the Clerk of Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this **Monday, January 09, 2023.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Chief Magistrate Judge Torres
All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. -22-CV-22483-GAYLES/TORRES

**EXPRESS FREIGHT INTERNATIONAL,**
et al.,

      **Plaintiff,**

v.

**HINO MOTORS, LTD, et al.,**

      **Defendant.**

_____/

**<u>CERTIFICATE OF COMPLIANCE RE ADMITTED EVIDENCE</u>**

I, _____, as counsel for

_____, hereby certify the following:

*Check the applicable sections:*

☐ **ALL EXHIBITS E-FILED.** All documentary exhibits and photographs of nondocumentary physical exhibits to be admitted into evidence have been electronically filed in CM/ECF.

☐ **EXHIBITS NOT E-FILED.** Some documentary exhibits and/or physical exhibits to be admitted into evidence cannot be electronically filed in CM/ECF. This includes and contraband. The following identifies those exhibit numbers that have been retained by the Clerk, and separately identifies those proposed exhibit numbers retained by this filing party. (**Attach a list.**)

☐ **AUDIO/VIDEO EXHIBITS.** The following audio and/or video exhibits are to be entered into evidence during these proceedings. The filing party has conventionally filed with the Clerk of Court a CD or DVD containing the audio or video exhibit. (**Attach a list.**)

Any original exhibits that have been returned to or retained by the filing party after electronic filing shall be kept for safe keeping until the conclusion of any appeals. Upon order of the Court, the filing party agrees to return the original exhibits to the Clerk of Court.

This Certificate shall be filed by the date provided in the Court's Scheduling Order. Failure to timely comply with the Electronic Submission of Exhibits requirements provided in the Scheduling Order or with the requirements of Administrative Order 2016-70 governing the Electronic Submission of Exhibits may result in the imposition of sanctions.

Signature: _____ Date: _____