**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:22-cv-22483-GAYLES/TORRES**

EXPRESS FREIGHT INTERNATIONAL et al.,

    Plaintiffs,

v.

HINO MOTORS LTD., et al.,

    Defendants.

_____/

**DEFENDANT HINO MOTORS, LTD.'S REPLY IN SUPPORT OF
<u>MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 1

I. PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH PERSONAL JURISDICTION OVER HML UNDER FLORIDA'S LONG-ARM STATUTE.............. 1

    A. Plaintiffs cannot establish jurisdiction over HML under an agency theory............ 2

    B. HML's own conduct does not satisfy Florida's long-arm statute.......................... 5

II. PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH PERSONAL JURISDICTION OVER HML UNDER THE DUE PROCESS CLAUSE. ....................... 7

    A. Plaintiffs have not shown that HML purposefully availed itself of Florida. ......... 7

    B. Subjecting HML to personal jurisdiction would be unfair. ................................... 8

III. JURISDICTIONAL DISCOVERY IS UNNECESSARY................................................. 9

IV. THE COMPLAINT FAILS TO PLEAD VIABLE CLAIMS AGAINST HML. ............. 10

CONCLUSION...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abramson v. Walt Disney Co.*,
    132 F. App'x 273 (11th Cir. 2005) ....................................................................................... 2

*Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cnty.*,
    480 U.S. 102 (1987) ........................................................................................................ 7, 8

*Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*,
    2016 WL 1028332 (S.D. Fla. Mar. 15, 2016) ..................................................................... 2

*Aviation One of Fla. v. Airborne Ins. Consultants (PTY), Ltd.*,
    722 F. App'x 870 (11th Cir. 2018) ..................................................................................... 9

*Braman Motors, Inc. v. BMW of N. Am., LLC*,
    2019 WL 7759096 (S.D. Fla. Sept. 30, 2019) ............................................................ 2, 7, 8

*Brown v. Bottling Group*,
    159 F. Supp. 3d 1308 (M.D. Fla. 2016) .............................................................................. 8

*Consol. Dev. Corp. v. Sherritt*,
    216 F.3d 1286 (11th Cir. 2000) ........................................................................................... 7

*Cross Country Home Servs., Inc. v. Home Serv. USA Corp.*,
    2010 WL 55439 (S.D. Fla. Jan. 6. 2010) ............................................................................ 4

*Delta Air Lines, Inc. v. Wunder*,
    2014 WL 12115908 (N.D. Ga. Mar. 7, 2014) ................................................................... 10

*Equitrac Corp. v. Delaney*,
    2009 WL 10667046 (S.D. Fla. Aug. 31, 2009) ................................................................... 6

*Falco v. Nissan N. Am. Inc.*,
    96 F. Supp. 3d 1053 (C.D. Cal. 2015) ................................................................................ 8

*Faro Techs., Inc. v. Cimcore Corp.*,
    2006 WL 1119223 (M.D. Fla. Apr. 27, 2006) .................................................................... 4

*Gourdine v. Karl Storz Endoscopy-Am., Inc.*,
    223 F. Supp. 3d 475 (D.S.C. 2016) ..................................................................................... 8

*Hatton v. Chrysler Canada, Inc.*,
    937 F. Supp. 2d 1356 (M.D. Fla. 2013) .............................................................................. 8

*iSocial Media Inc. v. bwin.party Digital Ent. PLC*,
    2013 WL 5588238 (S.D. Fla. Oct. 10, 2013) ............................................................................. 3

*Knepfle v. J-Tech Corp.*,
    48 F.4th 1282 (11th Cir. 2022) ............................................................................... 1, 2, 3

*Licciardello v. Lovelady*,
    544 F.3d 1280 (11th Cir. 2008) ............................................................................................. 6

*Mendez v. JFK Med. Ctr. Ltd. P'ship*,
    2018 WL 5045210 (S.D. Fla. Sept. 4, 2018) ......................................................................... 5

*Millennium Indus. Network, Inc. v. Hitti*,
    2014 WL 324656 (S.D. Fla. Jan. 28, 2014) ........................................................................... 9

*Miller v. Toyota Motor Corp.*,
    2008 WL 516725 (M.D. Fla. Feb. 22, 2008) ......................................................................... 3

*MSP Recovery Claims, Series v. Northland Ins. Co.*,
    2022 WL 2341158 (S.D. Fla. June 16, 2022) ........................................................................ 5

*Pinnacle Foods of Cal., LLC v. Popeyes La. Kitchen, Inc.*,
    2022 WL 17736190 (S.D. Fla. Dec. 16, 2022) ...................................................................... 4

*Rae v. Celebrity Cruises, Inc.*,
    2022 WL 2981868 (S.D. Fla. July 28, 2022) ....................................................................... 10

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*,
    579 F. App'x 779 (11th Cir. 2014) ..................................................................................... 10

*Sanchez v. Team Health, LLC*,
    2020 WL 12188439 (S.D. Fla. May 18, 2020) ................................................................. 4, 6

*Sanchez v. Team Health, LLC*,
    2021 WL 4990803 (S.D. Fla. Mar. 31, 2021) .................................................................. 2, 5

*Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*,
    650 F. Supp. 2d 1213 (S.D. Fla. 2009) ................................................................................. 6

*Sure Fill & Seal, Inc. v. Platinum Packaging Grp., Inc.*,
    2010 WL 11508051 (M.D. Fla. Jun 24, 2010) ...................................................................... 6

*In re Takata Airbag Prods. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ................................................................................. 7

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ........................................................................................ 3, 9

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) ...................................................................................................7

*Wolf v. Celebrity Cruises*,
   683 F. App'x 786 (11th Cir. 2017) ............................................................................................9

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ...............................................................................................................7, 8

*Yellow Pages Photos, Inc. v. Ziplocal, LP*,
   2012 WL 5830590 (M.D. Fla. Nov. 16, 2012) .........................................................................4

*Young v. Mitsubishi Motors N. Am. Corp.*,
   2020 WL 4584391 (W.D. Wash. Aug. 10, 2020) ....................................................................8

**Statutes**

Fla. Stat. § 48.193 ............................................................................................................................5

# INTRODUCTION

Plaintiffs' opposition cuts their case against Hino Motors, Ltd. ("HML") in half by conceding that this Court lacks personal jurisdiction over the non-Florida Plaintiffs. At a minimum, the claims brought by Marders (based in New York) and Redlands (based in California) against HML should be dismissed.

The Florida Plaintiffs' claims should likewise be dismissed because HML has no connection with this forum. In arguing otherwise, Plaintiffs rely almost entirely on an "agency" theory, in which they claim HML can be sued in Florida based on the contacts of its partially-owned subsidiary. But under Eleventh Circuit precedent, a subsidiary's contacts cannot be imputed to a parent company unless the parent exercises "high and very significant" operational control. *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1292 (11th Cir. 2022). Even if this Court were to credit the litany of unsupported factual assertions in Plaintiffs' opposition as true, they show nothing more than an ordinary parent-subsidiary relationship. Courts have uniformly held—including in the context of vehicle manufacturers—that such relationships are insufficient to establish jurisdiction under an agency theory. Otherwise, a parent could be sued virtually anywhere based on its subsidiaries' contacts.

Plaintiffs could have filed this suit anywhere, but they chose to do so in a state where no Defendant is present, none of the alleged misconduct transpired, and only a small number of their purchases took place. As a result of that choice, HML should be dismissed as a defendant.

# ARGUMENT

I. **PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH PERSONAL JURISDICTION OVER HML UNDER FLORIDA'S LONG-ARM STATUTE.**

Plaintiffs' opposition makes no attempt to identify any contacts between HML itself and Florida. Instead, Plaintiffs argue that Florida contacts on the part of Hino Motors Sales U.S.A.,

1

Inc. ("HMS") can be imputed to HML under an agency theory. Opp. 3–8. But "Florida disregards the corporate entity in only the most extraordinary cases," and Plaintiffs fail to show that this is such a case. *See Braman Motors, Inc. v. BMW of N. Am., LLC*, 2019 WL 7759096, at *5 n.5 (S.D. Fla. Sept. 30, 2019) (Gayles, J.); *see also Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016) ("[b]lack-letter law forbids equating a subsidiary with its parent absent extraordinary justification").[1]

### A.   Plaintiffs cannot establish jurisdiction over HML under an agency theory.

To establish personal jurisdiction under an agency theory, "the amount of control exercised by the parent must be high and very significant." *Knepfle*, 48 F.4th at 1292. The Eleventh Circuit has held that a subsidiary's contacts cannot be imputed to a parent "where the subsidiary carries on its own business and preserves some independence from the foreign corporation." *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 276 (11th Cir. 2005). Instead, a parent must have "day-to-day control of the internal affairs or basic operations of the subsidiary." *Sanchez v. Team Health, LLC*, 2021 WL 4990803, at *5 (S.D. Fla. Mar. 31, 2021).

Plaintiffs cannot satisfy this high standard. The following facts are not in dispute: HMS buys trucks like Plaintiffs' from Hino Motors Manufacturing U.S.A., Inc. ("HMM"), and then *independently* decides where those trucks are sold in the United States—including in Florida. (Decl. ¶¶ 11a, 12–13.) HML has "no role" in selecting which dealers distribute Hino trucks in the United States or Florida, and HML does not engage in "any marketing or advertising activities" there. (*Id.* ¶¶ 12–13, 16–18.) Moreover, HML and HMS "are separately managed" by their own officers, and the two companies "properly observe[] corporate forms and formalities." (*Id.* ¶¶ 9, 15.) Given these undisputed facts, Plaintiffs cannot establish that HML exercised a "high and very

---

[1] All internal quotations are omitted and emphases added unless otherwise noted.

2

significant" degree of control over HMS's contacts with Florida. *Knepfle*, 48 F.4th at 1292.

Plaintiffs try to resist this conclusion by asserting that HML "controls" HMS's activities. They do so without any evidence, and instead rely on a series of unsubstantiated assertions from various online sources, many of which are misquoted or taken out of context.[2] *See* Opp. 3–8. This Court would be entitled to reject Plaintiffs' argument for this reason alone. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274, 1278–1280 (11th Cir. 2009) ("[A] plaintiff is required to substantiate jurisdictional allegations in the complaint by affidavits or other competent proof," and cannot rely on "inadmissible hearsay.")

In any event, even assuming the "facts" in the opposition had evidentiary support, they fail to establish an agency relationship between HML and HMS.

**Stock Ownership.** Plaintiffs first emphasize that HML holds 50% of HMS's shares (Opp. 4), but "simple parental ownership of subsidiary stock" is "insufficient to establish the requisite agency relationship" under Florida's long-arm statute. *iSocial Media Inc. v. bwin.party Digital Ent. PLC*, 2013 WL 5588238, at *8 (S.D. Fla. Oct. 10, 2013) (no long-arm jurisdiction over parent company based on conduct of wholly-owned subsidiary).

**Overlapping Employees.** Plaintiffs contend that four of HMS's presidents were former HML employees, and two HML employees also served as HMS board members. Opp. 5. It is well settled, however, that "representatives of a parent corporation often directly participate in the management of the subsidiary." *Miller v. Toyota Motor Corp.*, 2008 WL 516725, at *5 (M.D. Fla.

---

[2] For example, Plaintiffs describe Takashi Ono as a former *HMS* president, but their authority (Compl. ¶ 39 n.18) shows Mr. Ono served as president of *HMM*, not HMS. The opposition also asserts that Yoshio Shimo served as president and CEO of HMS, but the cited article announced the appointment of someone else (Shigehiro Matsuoka) to those roles, and Mr. Shimo did not serve as president and CEO of HMS. Additionally, the opposition inaccurately describes Yoshinori Noguchi as "chairman" of HMS, when HMS does not have that position. *See* Opp. 5 & n.11.

3

Feb. 22, 2008). For that reason, merely "shar[ing] officers or directors" is not enough: "for personal jurisdiction to attach, the parent corporation must exercise operational control of the day-to-day business of the subsidiary." *Faro Techs., Inc. v. Cimcore Corp.*, 2006 WL 1119223, at *5 (M.D. Fla. Apr. 27, 2006); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2012 WL 5830590, at *4–6 (M.D. Fla. Nov. 16, 2012) (no agency relationship despite "almost 100% sharing of directors and officers by the parent and subsidiary").

**HML's Online Statements.** Plaintiffs point to an assortment of online statements referring to "the Hino Group" and describing HMS as a "division" of HML (Opp. 4–5), but "numerous courts have held that statements on a company web site . . . are not meant to state the legal relationship between the parties" for personal jurisdiction purposes. *Sanchez v. Team Health, LLC*, 2020 WL 12188439, at *6 (S.D. Fla. May 18, 2020); *see also Yellow Pages Photos*, 2012 WL 5830590, at *5 ("courts do not rely on such statements as reliable evidence that the parent exercises operational control"); *Cross Country Home Servs., Inc. v. Home Serv. USA Corp.*, 2010 WL 55439, at *4 (S.D. Fla. Jan. 6. 2010) ("public statements" by foreign parent referring to "U.S. business," "we," and "in the USA" "are not sufficient to ignore separate corporate entities").

**Marketing Oversight.** Plaintiffs contort Ms. Kawamura's declaration to suggest that HML "review[s]" and "approv[es]" HMS's "marketing and advertising campaigns" (Opp. 7), when in fact Ms. Kawamura stated that HML "does not engage . . . in *any* marketing or advertising activities specific to the United States or Florida." (Decl. ¶¶ 16, 18.) Regardless, even if Plaintiffs could show that HMS "had no independent mark[et]ing plan or strategic plan"—and they cannot—that would not be "enough to impute the actions" of HMS to HML. *Pinnacle Foods of Cal., LLC v. Popeyes La. Kitchen, Inc.*, 2022 WL 17736190, at *17 (S.D. Fla. Dec. 16, 2022).

**Additional Allegations.** Plaintiffs' remaining allegations (Opp. 4, 6–7) are equally

4

defective. Plaintiffs argue that both companies share the same code of conduct, but these kinds of global corporate policies are common and "do not indicate control beyond that normally found in a parent-subsidiary relationship." *Mendez v. JFK Med. Ctr. Ltd. P'ship*, 2018 WL 5045210, at *4 (S.D. Fla. Sept. 4, 2018). Plaintiffs also assert that HML sets production capacity for the United States market as a whole, but they ignore that HMS has the "exclusive right" to decide where Hino vehicles are distributed in the United States. (Decl. ¶ 12.) In any event, even if a parent "approves major policy decisions" or establishes "goals and directives," those facts would be insufficient to establish personal jurisdiction through an agency theory. *Sanchez*, 2021 WL 4990803, at *6.[3]

**B.      HML's own conduct does not satisfy Florida's long-arm statute.**

Unable to establish personal jurisdiction over HML under an agency theory, Plaintiffs' opposition offers no alternative basis for jurisdiction under Florida's long-arm statute (Fla. Stat. § 48.193). Although the Complaint invoked only sections (1)(a)(1) and (1)(a)(6), *see* Compl. ¶ 20, the opposition concedes that HML did not itself "conduct[] business" in Florida for purposes of section (1)(a)(1), and it abandons any reliance on section (1)(a)(6). *See* Opp. 8–9; Mot. 9.

Instead, Plaintiffs try to pivot to section (1)(a)(2), which applies when a defendant "[c]ommit[s] a tortious act within th[e] state." Fla. Stat. § 48.193(1)(a)(2). But, as Plaintiffs acknowledge (*see* Opp. 3 n.2), the Complaint fails to plead personal jurisdiction under this section, which "is reason alone to reject the argument Plaintiff[s] now make[]." *MSP Recovery Claims, Series v. Northland Ins. Co.*, 2022 WL 2341158, at *2 n.6 (S.D. Fla. June 16, 2022), *report and recommendation adopted,* 2022 WL 3042265 (S.D. Fla. Aug. 1, 2022).

---

[3] Plaintiffs' bare assertion that HML (not HMS) "established" the dealer network (Opp. 6) is refuted by Ms. Kawamura's sworn testimony. Decl. ¶ 13 ("*HMS* is . . . responsible for establishing the authorized Hino sales network"). Plaintiffs also contradict themselves, acknowledging later that HMS "was responsible for establishing Hino's network in Florida." Opp. 9.

5

Even if section (1)(a)(2) were invoked in the Complaint, it would not support personal jurisdiction over HML for two additional reasons. *First*, section (1)(a)(2) "does not apply merely because a Florida resident suffers damages; the [tortious] acts must be *directly aimed* to cause injury or damage to a resident." *Sure Fill & Seal, Inc. v. Platinum Packaging Grp., Inc.*, 2010 WL 11508051, at *4 (M.D. Fla. Jun 24, 2010). Here, Plaintiffs cannot allege any intentional conduct by HML that was "directly aimed" at Florida. Instead, for the trucks Plaintiffs allegedly purchased, (1) HML sold the engines to HMM, (2) HMM built the trucks, (3) HMM sold the trucks to HMS, and then (4) HMS made the independent decision to distribute those trucks to Florida—with zero input from HML. (*See* Decl. ¶¶ 11–13.) If HML's mere production of engines were enough, then any company could be sued in any state where final products containing its component parts ultimately were sold through a multi-step distribution chain. *See Equitrac Corp. v. Delaney*, 2009 WL 10667046, at *10 (S.D. Fla. Aug. 31, 2009) ("[T]he existence of an injury within Florida, standing alone, is insufficient to support jurisdiction over an out-of[-]state tortfeasor.").[4]

*Second*, section (1)(a)(2) requires that Plaintiffs plausibly allege a specific tortious act by HML that caused injuries in Florida. The single paragraph of the Complaint on which Plaintiffs rely—Paragraph 8—does not allege that *HML* engaged in any fraudulent omissions or misrepresentations about Hino trucks in Florida. *See* Opp. 8. Instead, the Complaint "lumps" all three Hino entities together "without differentiating who did what," which is not enough to "establish personal jurisdiction over each individual Defendant based on that Defendant's activities in and contacts with Florida." *Sanchez*, 2020 WL 12188439, at *6.

---

[4] Plaintiffs' authorities (Opp. 8) are distinguishable. The court in *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC,* 650 F. Supp. 2d 1213, 1224 (S.D. Fla. 2009), "reserve[d] ruling on the jurisdictional issues." And the defendant in *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008), did not "make any argument about where the injury from the tort occurred." *Id.* at 1283.

## II. PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH PERSONAL JURISDICTION OVER HML UNDER THE DUE PROCESS CLAUSE.

The opposition also fails to show that exercising jurisdiction here satisfies due process.

### A. Plaintiffs have not shown that HML purposefully availed itself of Florida.

Plaintiffs contend that HML purposefully availed itself of Florida because it "substantially control[s]" HMS's conduct. Opp. 10–12. But "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1150 (S.D. Fla. 2019). "[A]s long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Consol. Dev. Corp. v. Sherritt*, 216 F.3d 1286, 1293 (11th Cir. 2000). Plaintiffs' own authority acknowledges this high bar: "[to] find[] an agency relationship, the parent company must have the right to substantially control its subsidiary's activities." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024–25 (9th Cir. 2017) (cited at Opp. 11).

As explained above, Plaintiffs cannot meet this standard because HMS and HML are separate and distinct legal entities, and HMS retains full discretion over whether and how many Hino trucks are sold into the Florida market. (Decl. ¶¶ 9, 12–13.) Plaintiffs therefore cannot demonstrate that HML substantially controlled HMS's activities *in Florida*. *See Braman Motors*, 2019 WL 7759096, at *6 (rejecting attempt to impute subsidiary's activities to parent because plaintiff failed to allege "that BMW AG directed BMW NA to perform them *in Florida*"); *see also* Mot. 12 & n.4 (collecting cases dismissing vehicle manufacturers for lack of jurisdiction).

Plaintiffs urge a contrary conclusion (Opp. 10–11) by citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and *Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cnty.*, 480 U.S. 102 (1987), but neither helps them. In *World-Wide Volkswagen*, the Supreme Court rejected the argument that personal jurisdiction extends to any forum where a manufacturer's

7

product may end up, explaining that "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." 444 U.S. at 295. Likewise, in *Asahi*, the Supreme Court reaffirmed that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." 480 U.S. at 112. Those principles compel dismissal: the fact that engines manufactured by HML were eventually sold as part of vehicles in Florida to Plaintiffs through a multi-step supply chain is not enough for HML to have purposefully availed itself of this forum. *See* Mot. 11–12.

Plaintiffs' Florida authorities are equally unpersuasive. The facts in *Brown v. Bottling Group*, 159 F. Supp. 3d 1308 (M.D. Fla. 2016), involved substantial direct contacts with Florida: the foreign manufacturer made "built-to-order" cranes, knew "the cranes were destined for Florida," delivered or packaged the cranes for delivery to Florida, and had employees travel to Florida to make repairs. *Id.* at 1315. No similar contacts exist here. Meanwhile, *Hatton v. Chrysler Canada, Inc.*, 937 F. Supp. 2d 1356 (M.D. Fla. 2013), is inconsistent with this Court's more recent analysis in *Braman Motors*. There, this Court "d[id] not find persuasive [plaintiff]'s argument that a manufacturer purposefully avails itself of the forum state's market simply by shipping its products to the United States for distribution." 2019 WL 7759096, at *7. So too here.[5]

### B. Subjecting HML to personal jurisdiction would be unfair.

Even if Plaintiffs could establish purposeful availment, the opposition fails to satisfy the

---

[5] Plaintiffs' out-of-Circuit cases (Opp. 11) are distinguishable because they involved evidence of conduct aimed at the forum, which is not present here. *See Young v. Mitsubishi Motors N. Am. Corp.*, 2020 WL 4584391, at *3 (W.D. Wash. Aug. 10, 2020) ("plaintiff has made uncontroverted allegations of additional activities directed toward Washington"); *Gourdine v. Karl Storz Endoscopy-Am., Inc.*, 223 F. Supp. 3d 475, 489 (D.S.C. 2016) (subsidiary had been "directed . . . to solicit sales in South Carolina" and "did not decide in which states it would or would not sell"); *Falco v. Nissan N. Am. Inc.*, 96 F. Supp. 3d 1053, 1060 (C.D. Cal. 2015) (foreign manufacturer "engage[d] in direct advertising aimed at the American market, including California").

8

"fairness" test under the Due Process Clause. Mot. 13. HML is a Japanese corporation with no connection to this forum. Even with modern technologies (*see* Opp. 12–13), the burdens of litigating in a foreign venue across the world are still real and concrete. (*See* Decl. ¶ 8.) Those burdens, moreover, must be weighed against Florida's miniscule interest in resolving this dispute: only two named plaintiffs reside in Florida, only three of the 18 trucks at issue were allegedly purchased in this state, and none of the purported "fraud" is alleged to have occurred here. For those reasons, forcing HML to defend this suit in Florida would be manifestly unfair.

### III.    JURISDICTIONAL DISCOVERY IS UNNECESSARY.

Plaintiffs' opposition makes clear that jurisdictional discovery is unnecessary. Instead of asking the Court to defer a ruling or extend the briefing schedule—as Plaintiffs did with Toyota Motor Corporation, *see* Dkt. 92—the opposition seeks jurisdictional discovery "in the alternative." Opp. 13–14. Plaintiffs therefore believe that the record before the Court is sufficient to decide HML's motion, and they should be held to that choice. *See Mazer*, 556 F.3d at 1280–81 (affirming denial of jurisdictional discovery where plaintiffs did not seek "deferral of a ruling" and requested discovery in "its briefs as a proposed alternative").

Had Plaintiffs properly requested jurisdictional discovery, the opposition fails to show any "dispute about the facts that would support the plaintiff's allegations of jurisdiction." *Aviation One of Fla. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018). Jurisdictional discovery requests "should not serve as fishing expeditions." *Wolf v. Celebrity Cruises*, 683 F. App'x 786, 792 (11th Cir. 2017). As the requesting party, Plaintiffs "must demonstrate that the discovery [they] seeks will *likely* lead to evidence that supports an assertion of personal jurisdiction." *Millennium Indus. Network, Inc. v. Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014).

Plaintiffs have not made that showing here. Even accepting the "facts" asserted in the

9

opposition as true, Plaintiffs' claim that HMS served as HML's agent fails for the reasons already explained. *See Delta Air Lines, Inc. v. Wunder*, 2014 WL 12115908, at *6 (N.D. Ga. Mar. 7, 2014) (denying jurisdictional discovery where "[e]ven assuming that [plaintiff's] version of the facts is correct," plaintiff "has not shown" personal jurisdiction exists). While Plaintiffs insist that discovery would yield further information, the opposition is noticeably silent about what that information might be. The only documents Plaintiffs identify as potentially relevant (Opp. 14) are contracts between HML and either HMM or HMS, but contracts involving HML and HMM are irrelevant to Plaintiffs' theory that *HMS* served as HML's agent in Florida. And given the undisputed evidence that HMS preserves its own independence from HML, *see supra* at 2, "there is no indication that the receipt of additional information . . . would demonstrate the existence of jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014). Since there is no "genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery," Plaintiffs' request should be denied. *Rae v. Celebrity Cruises, Inc*., 2022 WL 2981868, at *3 n.6 (S.D. Fla. July 28, 2022) (Gayles, J.).

## IV.     THE COMPLAINT FAILS TO PLEAD VIABLE CLAIMS AGAINST HML.

Plaintiffs' claims against HML also fail on their own terms. Unlike their theory of personal jurisdiction, Plaintiffs attempt to plead claims on the merits against HML "directly." Opp. 15 (denying any need to "attribut[e] the conduct of [HML]'s subsidiaries to it"). The problem for Plaintiffs is that HML did not sell any engines or vehicles to any customers in the United States, much less to Plaintiffs. *See* Mot. 14. Without any direct connection between HML and their purchases, Plaintiffs cannot bring warranty claims or what they describe as "omission and concealment-based claims," Opp. 15—either as a matter of standing or failure to state a claim.

## CONCLUSION

Plaintiffs' claims against HML should be dismissed.

10

DATED:  February 17, 2023               Respectfully submitted,

                                             */s/* Jordan S. Cohen
                                          Jordan S. Cohen, Florida Bar No. 551872
                                          Ethan A. Arthur, Florida Bar No. 119054
                                          WICKER SMITH O'HARA MCCOY & FORD, P.A.
                                          515 E. Las Olas Boulevard
                                          SunTrust Center, Suite 1400
                                          Ft. Lauderdale, FL 33301
                                          Telephone: (954) 847-4800
                                          Facsimile: (954) 760-9353
                                          Email:  JCohen@wickersmith.com
                                                                  EArthur@wickersmith.com

                                          Andrew Soukup (*pro hac vice*)
                                          Henry Liu (*pro hac vice*)
                                          Stephen Petkis (*pro hac vice*)
                                          Jessica Merry Samuels (*pro hac vice*)
                                          COVINGTON & BURLING LLP
                                          One CityCenter
                                          850 Tenth Street, NW
                                          Washington, D.C. 20001
                                          Telephone:  (202) 662-5066
                                          Facsimile:  (202) 778-5066
                                          Email: asoukup@cov.com
                                                         hliu@cov.com
                                                         spetkis@cov.com
                                                         jsamuels@cov.com

                                          *Attorneys for Defendant Hino Motors, Ltd.*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2023, a true and correct copy of the foregoing was furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

                                          */s/* Jordan S. Cohen
                                          Jordan S. Cohen