UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:22-cv-22483-Gayles/Torres

EXPRESS FREIGHT INTERNATIONAL,
EFI EXPORT & TRADING CORP.,
MARDERS, and REDLANDS OFFICE
CLEANING SOLUTIONS, LLC, on behalf of
themselves and all others similarly situated,

    Plaintiffs

  v.

HINO MOTORS, Ltd., TOYOTA MOTOR
CORPORATION, HINO MOTORS
MANUFACTURING U.S.A., Inc., and HINO
MOTORS SALES U.S.A., Inc.,

    Defendants.

**PLAINTIFFS' MOTION FOR HEARING ON DISCOVERY DISPUTE
REGARDING THE SCOPE OF RELEVANCE**

## INTRODUCTION

Pursuant to the Court's standing Order Setting Discovery Procedures, Plaintiffs respectfully move the Court to set a discovery hearing for May 18, 2023, at 10:30 am,[1] to resolve a key foundational dispute regarding the scope of relevance and discoverability.

Plaintiffs' first discovery requests targeted a discrete body of documents that Hino already produced to U.S. regulators that are investigating precisely the fraud at issue in Plaintiffs' complaint.[2] This is very likely **the most relevant** set of documents in the entire case—and they have already been collected, reviewed, and produced to the regulators. Yet, in this case, Hino Motors Manufacturing U.S.A., Inc. and Hino Motors Sales, U.S.A., Inc. ("Hino")[3] have produced fewer than half of those documents. While Hino has agreed to re-review most of the remainder for relevance, Hino's unduly restrictive reading of the complaint and miserly view of relevance will result in it withholding many of those documents from production. Thus, for the reasons explained herein, Plaintiffs seek an order defining the scope of relevance in this context and ordering Hino to turn over all documents from the regulatory production pertaining to the Class Trucks, including those relating to emissions, fuel economy, the trucks' diesel particulate filter ("DPF) and on-board diagnostic ("OBD") systems, and cheating strategies employed in testing these systems.

## BACKGROUND & NATURE OF DISPUTE

This important case implicates more than 100,000 Hino-branded diesel trucks allegedly affected by a decades-long emissions and fuel economy cheating scandal which their

---

[1] Per the Court's Order (Dkt. 104), the parties first called the Court's chambers on April 14, 2023, to inquire about available dates. Plaintiffs understand that Defendants are simultaneously filing their own motion for hearing raising a separate set of discovery issues.
[2] Plaintiffs' First Set of Document Requests is attached as Exhibit A hereto.
[3] By stipulation, discovery has been temporarily stayed as to the Japanese Defendant, Hino Motors, Ltd. Dkt. 50 at 3.

manufacturer, Hino, admitted to in Japan. As early as 2016, regulators in the U.S.—including the U.S. Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB")—suspected Hino had "falsified emissions data" for vehicles sold in the United States. Dkt. 1 ¶ 79. In 2018, U.S. regulators again informed Hino its trucks were not "up to standard." *Id.* Around that time, Hino "commenced an investigation" upon "identifying potential issues regarding certification testing to determine the emissions performance of on-road engines *for the North American market*." Dkt. 79-1. After Hino reported its findings to EPA and CARB, "the U.S. Department of Justice commenced an investigation" (*id.*), which remains ongoing. Hino was then forced to issue a stop sale on its diesel trucks in the U.S., before ultimately switching to a different engine manufacturer when production resumed. Dkt. 1 ¶ 67; Dkt. 79-5.

Realizing it had a serious problem, Hino "expanded the scope of its investigation" to include vehicles sold in Japan. The Japanese investigation—which, again, was predicated on and precipitated by these early findings for U.S. trucks—culminated in a lengthy Special Investigation Committee ("SIC") report that exposed a pervasive culture of fraud at Hino and detailed dozens of emissions- and fuel economy-related cheating strategies. Dkts. 79-3 & 79-4.

Plaintiffs filed suit shortly thereafter. Their complaint pleads several fraudulent schemes and alleges, broadly, that while Hino's public admissions of cheating so far "address the Japanese certification process, Plaintiffs understand that Hino engaged in the same or similar fraud for the Class Trucks sold in the United States." Dkt. 1 ¶ 66; *see also id.* ¶¶ 53 ("Defendants engaged in the same or similar fraud vis-à-vis the Class Trucks sold in the United States.") & 68 (noting that "[t]he facts and scope of cheating on emissions and fuel economy in Hino trucks [were] unfolding in real-time" and expanded in the August 2022 SIC report).

Unsurprisingly, Plaintiffs' first set of discovery requests sought the documents about U.S. trucks that Hino had produced (and continues to produce) to the U.S. regulators as a part of their ongoing investigation into the very same issues implicated by the complaint. Given the history outlined above, it is hard to conceive of a set of documents that could be more relevant to Plaintiffs' claims or, because they have already been collected and reviewed, less burdensome for Hino to simply re-produce. But getting those documents has proven exceedingly difficult. As of the time of filing—four months after the requests were served—Hino has produced only about 40% of the corpus of approximately 100,000 documents.

After a lengthy meet and confer process (and an about-face from Hino days before the deadline to raise disputes), Hino finally agreed to at least go through the motions to *review* the remaining 60,000 documents and consider them for production. The problem is that Hino will only "*produce* documents within that set that" it unilaterally deems "relevant to Plaintiffs' claims" (Ex. B[4] at 33), and its views on relevance are exceedingly narrow. To take one example, Hino has said that even from this inherently relevant regulatory production, a document discussing fuel economy would be produced only if it explicitly mentions the Class Trucks or the engines therein, and that documents discussing fuel economy cheating more generally (for example, the incentives for doing so, or how to do it) were not discoverable. Similarly, Hino believes that documents relating to emissions and emissions cheating are discoverable only if they explicitly mention a particular component discussed in the complaint—the selective catalytic reduction ("SCR") system.

This is an unreasonably narrow reading of the complaint and the scope of relevance. Although Plaintiffs' allegations are more heavily weighted towards the cheating schemes

---

[4] Exhibit B is a compilation of the key meet and confer correspondence regarding this dispute.

2779917.3

discussed in Hino's March 2022 press release—including the SCR swap fraud—Plaintiffs plausibly allege that *all* the fuel economy and emissions frauds to which Hino admitted in the August 2022 SIC report apply to the U.S. Class Trucks. All the topics and strategies addressed therein are discoverable.[5]

Regardless, even if there are specific cheating strategies affecting the Class Trucks that are not precisely described in the complaint (or the documents cited therein), discoverability does not depend on the incantation of certain magic words. Rather, relevance is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *City Beverage-Illinois, LLC v. Vital Pharms., Inc.*, No. 20-CV-61353, 2022 WL 3136953, at *3 (S.D. Fla. Mar. 31, 2022) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also* ECF No. 88 at 2 ("remind[ing]" the parties "that the Federal Rules allow for broad discovery"). In this context, that standard clearly encompasses the discrete body of documents already produced to U.S. regulators investigating

---

[5] Plaintiffs tried repeatedly to elicit a more concrete understanding of Hino's tightly-woven relevance filter, but Hino has offered little detail. For example, Plaintiffs asked Hino to explain what issues the U.S. regulators were investigating in the Class Trucks that Hino determined were not relevant to Plaintiffs' claims. Hino refused. Plaintiffs then asked Hino to identify any of the issues or cheating strategies from the SIC report that it believed were not discoverable. Hino again refused. *See, e.g.*, Ex. B at 26-27, 30. In months of meeting and conferring on Plaintiffs' RFPs, Hino has identified just one specific category of regulatory documents that it deems irrelevant: a small subset pertaining to engines used in off-road vehicles like cranes and other construction vehicles. This leaves Plaintiffs in the dark about other categories of information Hino is withholding on relevance grounds. To be clear, Plaintiffs maintain that the off-road documents are relevant. The SIC report suggests that the fraudulent schemes affecting both the on- and off-road diesel vehicles were perpetrated by the same people, in the same places, involved similar tactics, and were closely related. Thus, at a minimum, documents pertaining to the off-road issues are likely to provide relevant context for the misconduct in the on-road Class Trucks. Nevertheless, while reserving the right to re-open the discussion as the record develops, Plaintiffs are willing to forgo so-called off-road only documents that do not implicate any of the cheating strategies Hino employed for the on-road vehicles.

the very same problems in the same vehicles and engines at issue in Plaintiffs' complaint. A contrary interpretation would undermine Rule 26.

It would also frustrate Rule 1's goal of a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. If Plaintiffs were denied discovery into topics addressed in the SIC report simply because the existing references in the complaint did not (in Hino's view) describe those strategies in specific enough detail, then Plaintiffs would simply amend the complaint. The result would be a slower, more expensive route to the same determination—a determination that, in this context, Plaintiffs are entitled to the documents already produced to the regulators about the same vehicles and misconduct for which they filed suit.

## REQUESTED RELIEF

For the foregoing reasons, Plaintiffs request an order: (1) compelling Hino to produce the remaining documents from the regulatory production (with the potential caveats related to off-road only documents), and, (2) finding that, moving forward, documents relating to emissions, fuel economy, and DPF/OBD systems that are not wholly specific to off-road vehicles are relevant and—barring specific privilege or proportionality arguments—discoverable.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that Plaintiffs' counsel has conferred with counsel for Defendants in a good-faith effort to resolve by agreement the issues set forth in this motion. Those efforts included extensive written correspondence and close to a dozen lengthy video conferences. Over the course of those negotiations, the parties were able to narrow, but not fully resolve their disputes.

Dated: April 27, 2023

Respectfully submitted,

/s/ *Peter Prieto*
Peter Prieto (FBN 501492)
Matthew P. Weinshall (FBN 84783)
PODHURST ORSECK, P.A.
One S.E. 3rd Ave, Suite 2300
Miami, Florida 33131
Telephone: 305-358-2800
Facsimile: 305-358-2382
E-mail: pprieto@podhurst.com

David S. Stellings (*pro hac vice*)
Wilson M. Dunlavey (*pro hac vice*)
Katherine I. McBride (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: 212.355.9500
E-mail: dstellings@lchb.com

Elizabeth J. Cabraser (*pro hac vice*)
Kevin R. Budner (*pro hac vice*)
Phong G. Nguyen (*pro hac vice*)
Amelia A. Haselkorn (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
E-mail: ecabraser@lchb.com

Roland Tellis (*pro hac vice*)
David Fernandes (*pro hac vice*)
Adam Tamburelli (*pro hac vice*)
Shannon Royster (*pro hac vice*)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333
Facsimile: 818.986.9698
E-mail: rtellis@baronbudd.com

**Counsel for Plaintiffs in**
***Express Freight International, et al. v. Hino Motors, Ltd., et al****.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2023, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/*Peter Prieto*
Peter Prieto