UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-22483-GAYLES/TORRES

EXPRESS FREIGHT INTERNATIONAL, et al.,

    Plaintiffs

v.

HINO MOTORS, LTD., et al.,

    Defendants.

_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AGREEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS**

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e) (the "Motion"). [ECF No. 146]. Plaintiffs Express Freight International, EFI Export & Trading Corp., Marders, and Redlands Office Cleaning Solutions, LLC (collectively, the "Plaintiffs" or "Settlement Class Representatives") and Defendants Hino Motors Ltd., Hino Motors Manufacturing U.S.A., Inc., and Hino Motors Sales U.S.A., Inc. (collectively, "Defendants") (all together, the "Parties") have entered into a Class Action Settlement Agreement, dated October 25, 2023 (the "Class Action Agreement").

Having thoroughly reviewed the Class Action Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Class Action Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Motion is GRANTED.

4. The Court provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rules 23(b)(3) and 23(e), consisting of

> All persons or entities that purchased a Settlement Class Truck, or leased a Settlement Class Truck, through the date of the Preliminary Approval Order.

The following entities and individuals are excluded from the Settlement Class:

> (a) Defendants' officers, directors, and employees; Defendants' affiliates and affiliates' officers, directors, and employees; Defendants' distributors and distributors' officers, directors and employees; Released Parties;
>
> (b) Judicial officers and their immediate family members and associated court staff assigned to this case; and
>
> (c) All those otherwise in the Settlement Class who or which timely and properly exclude themselves from the Settlement Class as provided in the Class Action Agreement.

5. The Court preliminarily approves the Class Action Agreement and the terms embodied therein pursuant to Rule 23(e). In connection therewith, the Court finds as follows:

> a. the Court will likely be able to approve the Class Action Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement;
>
> b. the Settlement is sufficiently fair, reasonable, and adequate as to the

     Settlement Class Members under the relevant considerations to warrant sending notice of the Settlement to the Settlement Class;

  c. the proposed Settlement Class Representatives and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class;

  d. the Class Action Agreement is the product of arm's length negotiations by the Parties through an experienced mediator, former United States District Judge Layn R. Phillips, and comes after adequate investigation of the facts and legal issues;

  e. the relief provided to the Settlement Class is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal and the proposed method of distributing compensation to the Settlement Class;

  f. the Class Action Agreement treats the Settlement Class Members equitably relative to one another;

  g. the Settlement Class Counsel's proposed request for attorneys' fees—up to 33.33% of the Settlement Cash Value, and a lower percentage of the total Settlement value, including the Extended Warranty—appears reasonable and creates no reason not to direct notice to the Settlement Class, especially because any motion for any such award must be filed before the deadline to object or opt-out of the Settlement.

  6. The Court further finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds, for settlement purposes only, that (1)

the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) proposed Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) proposed Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) the predominance and superiority requirements of Rule 23(b)(3) are satisfied.

7. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8. The Court appoints Plaintiffs as Settlement Class Representatives to represent the Settlement Class.

9. The Court appoints as Settlement Class Counsel David Stellings of Lieff Cabraser Heimann & Bernstein, LLP, Roland Tellis of Baron & Budd P.C., and Peter Prieto of Podhurst Orseck, P.A.

10. The Court appoints JND Legal Administration as Settlement Administrator and directs it to carry out all duties and responsibilities of the Settlement Administrator as specified in the Class Action Agreement and herein.

Settlement Class Notice Program

11. Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court approves the proposed Settlement Class Notice Program set forth in the Motion.  The Court finds

that the proposed Settlement Class Notice Program meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Settlement Class Notice Program, which includes direct notice to Settlement Class Members via e-mail and/or mail to the extent practicable, the establishment of a Settlement Website, the establishment of a toll-free telephone helpline, and notice provided via internet search platforms and other online advertisements, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

12. The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid Claim Form to be eligible to receive compensation under the Settlement; (vi) the time and manner for submitting a Claim Form; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3). The Parties may make non-material changes to the proposed Settlement Class Notice Program, including the form and content of the Notice, without seeking further approval of the Court.

13. The Court directs the Settlement Administrator and the Parties to implement the Settlement Class Notice Program as set forth in the Class Action Agreement as soon as practicable

after entry of this Preliminary Approval Order.

14. All reasonable and necessary costs incurred by the Settlement Administrator shall be paid exclusively out of the Settlement Cash Value consistent with the terms of the Class Action Agreement.

15. In connection with the Motion for Final Approval, the Settlement Administrator shall supply to Settlement Class Counsel a declaration to be filed with the Court that (i) identifies those persons who have timely and validly opted out of the Settlement, and (ii) details the scope, method, and results of the Settlement Class Notice Program.

Opt-Out and Objection Procedures

16. Settlement Class Members may exclude themselves from the Settlement Class by personally signing (electronic signatures, including DocuSign, are invalid and will not be considered personal signatures) and sending a written request to opt out stating, "I wish to exclude myself from the Settlement Class in *Express Freight International, et al., v. Hino Motors, Ltd., et al.*, No. 22-cv-22483-Gayles/Torres (S.D. Fla.) (or substantially similar clear and unambiguous language) to the Settlement Administrator that is postmarked or emailed no later than the Opt-Out Deadline. The Settlement Class Member must either (i) mail the signed written request to an address provided by the Settlement Administrator, or (ii) e-mail a complete and legible scanned copy or photograph of the signed written request to an e-mail address provided by the Settlement Administrator. For the opt-out to be valid, that written request must include the Settlement Class Member's name, address, telephone number, and VIN(s) of the Settlement Class Truck(s) forming the basis of the Settlement Class Member's inclusion in the Settlement Class, and the date(s) of the Settlement Class Member's ownership or lease of the Settlement Class Truck(s) (*i.e.*, start date and, if applicable, end date of possession). Opt-out requests that are signed by an attorney but not

by the Settlement Class Member are invalid, except in the case of an attorney employed by a Settlement Class Member that is not a natural person signing on behalf of that Settlement Class Member. The Settlement Administrator will provide copies of all opt-out requests to Settlement Class Counsel and Defendants' Counsel within seven days of the receipt of each such request. The Settlement Administrator and the Parties shall promptly after receipt provide copies of any requests for exclusion, objections and/or related correspondence to each other.

17. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Cass Members) be excluded from the settlement.

18. Any Settlement Class Member who has not submitted a written request to opt out as set forth herein may present written objections, if any, explaining why he or she believes the Class Action Agreement should not be approved by the Court as fair, reasonable, and adequate.

19. To be considered valid, an objection must be in writing; must be delivered to Settlement Class Counsel and to Defense Counsel and filed with the Court; must be postmarked or filed no later than 115 days after entry of this Preliminary Approval Order (the "Objection Deadline"); and must include the following: (a) a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including all evidence, argument, and legal authority the Settlement Class Member wishes to bring to the Court's attention; (b) the case name, *Express Freight International, et al., v. Hino Motors, Ltd., et al.*, (or substantially similar clear and unambiguous language); (c) the Settlement Class Member's

printed name, address, telephone number, and VIN(s) of the Settlement Class Truck(s) forming the basis of the Settlement Class Member's inclusion in the Settlement Class; (d) the dates of the Settlement Class Member's ownership or lease of the Settlement Class Truck(s); (e) a statement that the Settlement Class Member has reviewed the Settlement Class definition and has not opted out of the Settlement Class; (f) dates within 30 days of the objection on which the Settlement Class Member is available to be deposed; and (g) all other supporting papers, materials, or briefs (if any) the Settlement Class Member wishes the Court to consider when reviewing the objection.

20. A Settlement Class Member may object on his or her own behalf or through a lawyer hired at that Settlement Class Member's own expense, provided the Settlement Class Member has not submitted a written request to opt out, as set forth in the Class Action Agreement. Settlement Class Members objecting through counsel must include in their written statement of objection(s) the items set forth in the previous section and: the number of times the objecting Settlement Class Member has objected to a class action settlement within the five years preceding the date of the objection, the caption of each case in which the objecting Settlement Class Member has made such objection, and a statement of the nature of the objection. Lawyers asserting objections on behalf of Settlement Class Members must: (1) file a notice of appearance with the Court by the Objection Deadline, or as the Court otherwise may direct; (2) file a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member, and specify the number of times during the prior five-year period that the lawyer or their law firm has objected to a class action settlement; (3) disclose any agreement, formal or informal, with other attorneys or law firms regarding the objection; and (4) comply with the procedures described in this Order and the Class Action Agreement.

21. Settlement Class Counsel or Defendants' Counsel may notice the deposition of an objecting Settlement Class Member and/or seek the production of documents and tangible things relevant to the objections on an expedited basis, including agreements (formal or informal) between the objector's counsel and other attorneys related to the objection. Any objections to the scope of a deposition notice or a request to produce documents or other tangible things issued or served in connection with this provision shall be brought before the Court for resolution on an expedited basis.

22. Unless the Court directs otherwise, any Settlement Class Member who fails to comply with the provisions of this Order will waive and forfeit any and all rights he, she, or it may have to object to the Class Action Agreement and/or to appear and be heard on said objection at the Fairness Hearing. Failure to object waives a Settlement Class Member's right to appeal the Final Approval Order.

23. No later than 82 days after entry of this Preliminary Approval Order, Settlement Class Counsel shall file a motion or motions for Final Approval of the Class Action Agreement and for Attorney's Fees and Costs for work performed in connection with the Action pursuant to Rules 23(h) and 54(d)(2). Any fees and expenses ordered or approved by the Court will be paid exclusively from the total Settlement Cash Value.

Fairness Hearing

24. The Court will hold a Fairness Hearing on **Monday, April 1, 2024**, **at 10:00 a.m.,** in the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, Room 11-2. The purpose of the Fairness Hearing will be to determine whether to finally approve the Class Action Agreement as fair, reasonable, and adequate pursuant to Rule 23(e). If the Court subsequently determines that the Final Approval Hearing should not

occur at an in-person hearing but rather through remote means, the Court will issue a subsequent order.

25.     A Settlement Class Member (or counsel individually representing him or her, if any) seeking to make an appearance at the Fairness Hearing must file with the Court, 21 days before the Fairness Hearing, a written notice of his or her intent to appear at the Fairness Hearing, or by such time and in such manner as the Court may otherwise direct.

26.     The Court may, in its discretion, modify the date, time, and/or location of the Fairness Hearing.  In the event the Court changes the date, time, and/or location of the Fairness Hearing, the new date and time shall be posted on the Settlement Website.

27.     If the Court for any reason does not enter any material part of the proposed Final Approval Order or Judgment, or if the terms set forth in either (with the exception of any provision relating to the Settlement Class Counsel Attorneys' Fees and Costs) are materially modified, reversed, or set aside on further judicial review, or if for any other reason the Settlement does not become final, or if the Court or a reviewing court takes any action to expand, impair, or reduce the scope or effectiveness of the Releases set forth in Section 11 of the Class Action Agreement or to impose greater financial or other burdens on Defendants than those contemplated in the Class Action Agreement, then either Party shall have the option of terminating the Class Action Agreement.  Defendants shall also have the right to terminate the Class Action Agreement if the number of timely and valid opt-outs exceeds the threshold set forth in Section 7.4 of the Class Action Agreement.

28.     Other than such proceedings as may be necessary to carry out the terms and conditions of the Class Action Agreement all proceedings in the Action are stayed and suspended until further order of this Court.

29. Pending final determination of whether the Class Action Agreement should be finally approved, Settlement Class Representatives, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Class Action Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

30. This Preliminary Approval Order, the Class Action Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Defendants or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by any plaintiff in the Action; (b) any liability, negligence, fault, or wrongdoing of Defendants or the Released Parties; or (c) that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

31. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Class Action Agreement according to its terms, should it be finally approved.

32. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the

Settlement that are not inconsistent with this Preliminary Approval Order.

33.  The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| Date | Event |
| --- | --- |
| October 30, 2023 | Entry of Preliminary Approval Order |
| 1 day after entry of Preliminary Approval Order | Settlement Class Notice Program begins |
| 75 days after entry of Preliminary Approval Order | Substantial Completion of Direct Notice Component of Settlement Class Notice Program |
| 82 days after entry of Preliminary Approval Order | Motion(s) for Final Approval and Attorneys' Fees and Expenses |
| 115 days after entry of Preliminary Approval Order | Objection and Opt-Out Deadline |
| 136 days after entry of Preliminary Approval Order | Reply Memoranda in Support of Final Approval and Fee/Expense Motion(s) |
| April 1, 2024 | Fairness hearing |
| 75 days after entry of Final Approval Order | Settlement Claims Deadline |

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE